

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| RONALD A. ALASIN, EIJI TERAGOUCHI, | § | |
| GORDON G. PENNINGTON, and for | § | |
| themselves and others similarly situated, | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:05-1045-HFF-BM |
| | § | |
| WESTINGHOUSE SAVANNAH RIVER | § | |
| COMPANY and WSRC DELTA PLAN, | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

### I.    INTRODUCTION

This case was originally filed by Plaintiffs in the United States District Court for the Western District of Pennsylvania as an ERISA action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiffs' motion for class certification be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge filed the Report on February 19, 2008. Plaintiffs filed objections to the Report on March 7, 2008, and Defendants filed a reply on March 14, 2008. The Report recommends that Plaintiffs' motion for class certification be denied because Plaintiffs failed to meet some of the threshold requirements of Rule 23(a).

## II.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III.   DISCUSSION[*]

As noted by the Magistrate Judge, Plaintiffs carry the burden of establishing that each of the requirements for a class action is satisfied. *In re A.H. Robins Co.*, 880 F.2d 709, 728 (4th Cir. 1989). At this stage, the class representatives need not establish their case on the merits. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974). Questions regarding the certification of a class action are left to the sound discretion of the district court and any such decision by the Court will be reversed only upon a showing of abuse of that discretion. *Stott v. Haworth*, 916 F.2d 134 (4th Cir. 1990).

### A.    Objection One

Plaintiffs first object to the Magistrate Judge's finding that class certification would not be appropriate because individual fact finding would be required to determine class membership, damages and other individualized issues. Plaintiffs contend that the only individualized determinations would be calculations conducted by Westinghouse Savannah River Company (WSRC) following any ruling from the Court enjoining WSRC from enforcing the "phantom

---

[*]The Magistrate Judge set forth the relevant facts in the Report; they will not be repeated here.

condition" upon the class of transferees. However, Plaintiffs' argument fails to address the Magistrate Judge's finding that individualized fact finding would be required to determine whether an employee would even be considered a member of the purported class. The class definitions for proposed Subclass One and Subclass Two include the phrases, "who subsequently became or will become eligible for retirement benefits" and "even though these persons meet the eligibility requirements for the Delta benefits." Therefore, class membership is necessarily based on an employee's eligibility for retirement benefits and for delta benefits, which, as the Magistrate Judge found, requires individualized proof of entry into the class. More specifically, eligibility for delta benefits requires a monthly shortfall of pension benefits exceeding $25 per month per individual. Moreover, as the Magistrate Judge indicated, entry into the class would also be dependent on number of years of service at Westinghouse Electric Corporation (WEC) and number of years of service at WSRC.

Plaintiffs further argue that the Magistrate Judge erred by suggesting that class certification is inappropriate because it is unclear whether all of the named Plaintiffs are within the class. According to Plaintiffs, to do so places the impermissible burden on Plaintiffs to prove the merits of their claims. Again, Plaintiffs seem to disregard a phrase in the definitions for proposed Subclass One and Subclass Two – "even though these persons meet the eligibility requirements for the Delta benefits." A class must be "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1760; *see Roman v. ESB, Inc.*, 550 F.2d 1343, 1348 (4th Cir. 1976). Plaintiffs proposed class definitions are not administratively feasible because they

require individualized proof of entry into the class. Accordingly, the Court overrules Plaintiffs' first objection.

### B.     Objection Two

Plaintiffs then object by arguing that the Report failed to address Plaintiffs' argument that Defendants' Opposition to Plaintiffs' original motion for class certification in the Western District of Pennsylvania was untimely. First, the Court notes that all of Defendants' filings in this Court have been timely. Moreover, Plaintiffs have failed to articulate how their position was prejudiced by the delay. Plaintiffs are not entitled to class certification on the basis that Defendants filed an untimely response brief in the Western District of Pennsylvania, prior to transfer to this District.

### C.     Objection Three

Plaintiffs next object to the Magistrate Judge's finding that Plaintiffs failed to satisfy the numerosity requirement of Rule 23. In this objection, Plaintiffs again argue that the Magistrate Judge is impermissibly requiring the class representatives to make a showing on the merits of the class claims. Plaintiffs cite *Eisen v. Carlisle and Jaquelin*, 417 U.S. 156 (1974), for the proposition that "nothing in either the language or history of Rule 23 . . . gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Id.* at 177. However,

> [t]he *Eisen* decision . . . does not require a court to accept plaintiffs' pleadings when assessing whether a class should be certified. . . . *Eisen* simply restricts a court from expanding the Rule 23 certification analysis to include consideration of whether the proposed class is likely to prevail ultimately on the merits. . . . [S]ometimes it may be necessary for the [district] court to probe behind the pleadings before coming to rest on the certification question.

*Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 365-66 (4th Cir. 2004) (internal quotations omitted). Thus, "the factors spelled out in Rule 23 must be addressed through findings, even if they overlap with issues on the merits." *Id.* at 366.

Here, the Magistrate Judge did not consider whether the proposed class is likely to prevail ultimately on the merits. Instead, the Magistrate Judge conducted an appropriate analysis regarding whether Plaintiffs met the numerosity requirement for certifying a class. Although Plaintiffs concluded that there are at least 142 proposed members of the subclass, in reaching that number, Plaintiffs again failed to take into consideration the proposed subclass definitions, which include the phrase, "even though these persons meet the eligibility requirements for the Delta benefits." Because Plaintiffs presented no evidence that the 142 proposed members are eligible for delta benefits and would, thus, be members of the class, the Magistrate Judge found that Plaintiffs failed to establish that the class is so numerous that joinder of all members is impracticable. Plaintiffs failed to overcome this deficiency in their objections to the Report.

**D.     Objection Four**

Plaintiffs finally object to the Magistrate Judge's finding that class certification is inappropriate because Plaintiffs can obtain injunctive relief. Plaintiffs argue that there is no requirement in Rule 23 that a class action is superior to an individual action for injunctive relief. Plaintiffs' argument disregards the fact that, as previously noted, questions regarding the certification of a class action are left to the sound discretion of the district court. *Stott v. Haworth*, 916 F.2d 134 (4th Cir. 1990). This Court agrees with the Report's finding that proposed Subclass Three is improper because if any individual Plaintiff prevails with regard to the claimed plan

5

deficiencies alleged under the ERISA cause of action, an injunction can be issued to correct any statutory shortcomings of the delta plan.

## IV.     CONCLUSION

After a thorough review of the Report, the objections, the reply, and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Plaintiffs' motion for class certification be **DENIED**.

**IT IS SO ORDERED**.

Signed this 23rd day of May, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE
